1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GILBERT SCOTT,

11          Plaintiff,                    No. CIV S-07-1309 JAM DAD P

12       vs.

13   T. LEE, et al.,                      ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $1.00 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5  full.  See 28 U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19        A claim should be dismissed for failure to state a claim upon which relief may be

20  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

21  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

22  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

23  F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

24  accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

25  425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

26  /////

1  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

2  411, 421 (1969).

3        Here, plaintiff alleges that he was charged with a prison rule violation for battery

4  after he kicked a garbage can splashing its contents on a correctional employee.  Plaintiff was

5  found guilty of a lesser disciplinary charge and placed in the administrative segregation unit.

6  Plaintiff alleges that on May 21, 2006, while being escorted to his cell and his handcuffs were

7  being removed, the cell door was closed on his left wrist due to negligence of the correctional

8  officers.  Plaintiff filed a grievance regarding the incident and at the director's level of review,

9  his appeal was partially granted with it being noted that employees must not be "asleep or less

10  than alert" while they are on duty.  (Compl., Attach. at 3C.)  Plaintiff contends that there was "a

11  futile attempt to cover-up the incident" because no incident report was filed until a written report

12  was requested a few months later by prison officials.  (Id.)  Plaintiff seeks injunctive relief to

13  prevent further reprisals against him, damages in the amount of $100,000, and physical therapy.

14        Plaintiff has failed to state a cognizable claim.  To the extent he is alleging a due

15  process violation based on an alleged false disciplinary report, it is true that the Due Process

16  Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v.

17  McDonnell, 418 U.S. 539, 556 (1974).  However, inmates do not have a liberty interest in being

18  confined in the general prison population rather than in administrative segregation.  See Hewitt v.

19  Helms, 459 U.S. 460, 466-68 (1983).  Plaintiff has failed to state a cognizable due process claim.

20        To the extent that plaintiff is alleging that he suffered cruel and unusual

21  punishment when the cell door was closed on his wrist, he also fails to allege a cognizable claim.

22  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment under

23  the Eighth Amendment.  See Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright,

24  430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on

25  a claim of cruel and unusual punishment, plaintiff must satisfy a two-part test consisting of both

26  an objective prong and a subjective prong.  First, plaintiff must allege facts showing that,

1  objectively, he suffered a sufficiently serious deprivation.  See Wilson v. Seiter, 501 U.S. 294,

2  298 (1991).  Second, plaintiff must satisfy a subjective inquiry into whether each prison official

3  had a culpable state of mind in causing or allowing plaintiff's deprivation to occur.  See id. at

4  299.  Allegations of mere negligence on the part of prison officials is insufficient.  See id.  Based

5  on the allegations of plaintiff's complaint, it appears that he is alleging that correctional officers

6  were negligent in closing the cell door on his wrist.  Such an allegation of mere negligence is

7  insufficient to state a cognizable Eighth Amendment claim.

8              Accordingly, IT IS HEREBY ORDERED that:

9              1.  Plaintiff's July 3, 2007 application to proceed in forma pauperis is granted.

10             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

11  Plaintiff is assessed an initial partial filing fee of $1.00.  All fees shall be collected and paid in

12  accordance with this court's order to the Director of the California Department of Corrections

13  and Rehabilitation filed concurrently herewith.

14             Also, IT IS HEREBY RECOMMENDED that:

15             1.  The complaint be dismissed for failure to state and claim, and

16             2.  This action be dismissed.

17             These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19  days after being served with these findings and recommendations, plaintiff may file written

20  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

21  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

22  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

23  F.2d 1153 (9th Cir. 1991).

24  DATED: May 6, 2008.

25                                              Dale A. Drozd
                                                _____
26  DAD:4                                       DALE A. DROZD
    scot1309.56                                 UNITED STATES MAGISTRATE JUDGE

                                    4